IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN DAVID GHERTLER, | : | |
| | : | 4:11-cv-2387 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| C.DOWD RITTER, REGIONS | : | |
| BANK and UNNAMED | : | |
| CO-DEFENDANTS, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### November 8, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 47), filed on October 19, 2012, which recommends that the Defendants' Motion to Dismiss (Doc. 23) be granted and that this case be dismissed for lack of personal jurisdiction over the Defendants. *Pro se* Plaintiff Jonathan David Ghertler filed objections on October 31, 2012.[1] (Doc. 52). Accordingly, this matter is ripe for our review.

---

[1] Plaintiff also filed a Motion for Summary Judgment (Doc. 48) and a Motion for Sanctions (Doc. 51) following the issuance of the R&R.

1

For the reasons that follow, we shall adopt the Magistrate Judge's R&R to the extent that we agree with his reasoned analysis that this Court lacks personal jurisdiction over this matter. We shall, however, transfer this action to the Middle District of Florida pursuant to 28 U.S.C. §§ 1404(a) and 1631 rather than dismiss it.

## I. STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. DISCUSSION

Plaintiff, a federal inmate at the Federal Correctional Institution at Allenwood, in White Deer, Pennsylvania, commenced this action by filing a

2

complaint with this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff alleges that in 2006, prior to his federal incarceration, he opened a bank account at Defendant Regions Bank in Ocala, Florida. He further alleges that in early 2010 he gave his mother power of attorney so that she could manage his affairs. Plaintiff alleges that his mother thereafter visited Regions Bank and was told that no account ever existed there in the Plaintiff's name. Upon receipt of this information, Plaintiff sent a letter to the CEO of Regions Bank, Defendant Ritter, but received no response.

Thereafter, in June of 2010, Plaintiff alleges that his mother again visited Regions Bank in Florida and was given a closing statement which reflected that Plaintiff had, in fact, had an account there previously, but that the balance of $45,000 had been transferred out. Plaintiff alleges that he never transferred these monies from his account, and as such he claims that Defendants conspired to violate his rights by keeping bank records from him and by refusing to remit to him the $45,000 in missing funds from his account. Plaintiff also asserts claims for violations of the Uniform Commercial Code.

As noted above, Plaintiff commenced this action with the filing of a complaint on December 28, 2011. (Doc. 1). Plaintiff thereafter filed an amended complaint. (Doc. 10). He was granted *in forma pauperis* status by the Magistrate

3

Judge and the amended complaint was served upon the named Defendants. In response to the amended complaint, Defendants filed a Motion to Dismiss (Doc. 23) on June 22, 2012. After the Motion to Dismiss was fully briefed, Magistrate Judge Mannion issued the instant R&R recommending that the Motion be granted, finding that this Court lacks personal jurisdiction over the Defendants. The Plaintiff filed objections on October 31, 2012, arguing that personal jurisdiction is appropriate because he is domiciled in the Middle District of Pennsylvania, but alternatively requesting that the action be transferred to federal court in Florida rather than outright dismissal.

We agree with the Magistrate Judge that this Court lacks personal jurisdiction over the Defendants. The Plaintiff does not seem to dispute that Regions Bank is an Alabama corporation, with its principal place of business in Birmingham, Alabama and that the majority of the alleged conduct in this case took place in Ocala, Florida. Regions Bank does not do business in Pennsylvania, thus it is inappropriate for the case against it and its CEO to be maintained here. However, pursuant to 28 U.S.C. §§ 1404(a) and 1631, a federal court may transfer a case to another federal district court where the case may have been brought and to cure want of personal jurisdiction. Moreover, transfer pursuant to 28 U.S.C. § 1631 protects litigants from potential statute of limitations issues because the

action "shall proceed as if it had been filed in or noticed for the court to which it was transferred on the date upon it was actually filed in . . . the court from which it is transferred." Accordingly, based on the foregoing, we find it appropriate to transfer this action to the Middle District of Florida for further consideration. An appropriate Order shall issue.